Opinion op the Couet, bv
Ch. J. Boyle.
THIS was a bill filed by Carrico, in which he ai-leges that he is entitled to a judgment obtained in the Shelby circuit court, in the name of Cromwell a'gainst Thomas Mudd, and that he had issued execution thereon, hr virtue of which the sheriff had seized certain ar-tides of property in the possession of Thomas Mudd, was prevented from selling the same in satisfaction execution, by a fraudulent sale pretended to have been made by Thomas Mudd to his son, James IViudcl. He makes Cromwell, Thomas Mudd and James Mudd, defendants, and prays that the Mudds may be restrained from removing or selling the property, and that it may be subjected to sale in satisfaction of the judgment and execution.
James Mudd answered, but neither of the other defendants did, nor does it appear that any process had been served upon either of them. In this situation the cause was heard upon the bill, answer of James Mudd, depositions and exhibits; and the circuit court being ef opinion, as the record slates, ;£ that the bill of sale *17 iwn V- ■ to for the consideration of 'li$hty í¿o/(ars,,vis-.fr^njdúlent and void,” decreed “ that the ¡.property named therein should be subject to the execution of;the corfl^laiñapt; «and as to the residue of p.t'he', matters,in,controversy,- the parties may proceed at law.”. t, ,J,
",-w'Xd that decree, this, writ of error, .is jlyosecuted. The decree is evidently too vague and uncertain to be" ^sultained.' There, is no bill of sale1 exhibited by,either The bill or the answer, noris there in the record any bill e,fsale from Thomas Mudd to James Mudd.,, There .¡aj’e.two bills .of sále*;which were filed and used as ,evi-jddnc.e; but.these are each' from, a different.person to Janies Mudd, and .for different property, and foradif-fdi^ht .¡consideration, -and the consideration of neither corresponds with the consideration of that mentioned in the decree, 'jt is impossible to know, therefore,- with, any degree of certainty, v^hat was settled by the de-vcf,ée, and what.was-Jeft to be litigated by the parties at law. As the'decree must, for its uncertainty, be re-'ivfersdd, it'tvould be our duty, if the cause was in a situation to be finally disposed of} to examine the merits-of tbe 'cas.e, and direct what decree should be pronounced when tile cause is remanded; hut it is apparent, that the cause'is not in a situation to be disposed-of .on-its rqprit?,-Inasmuch as neither Cromwell nor-Tho.tpas Mudd,; both of whom are necessary parties to the suit, Jif^d;appeared and answered, or had been served with .process .requiring i.hem#to do so.
roust ,pe reversed with costs, and the g5tu«sfe he■ r.ernanded $for new proceedings to bp had, .pot /i-hponsistent \v,;th tljis opinion. . ,,